**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KEENAN L. MCCOY,        ) | |
|                   ) | |
|        **Plaintiff,**     ) | |
|                   ) | |
|                   ) | |
| vs.                 ) | **Case No.  12-1211-JAR-JPO** |
|                   ) | |
| CITY OF INDEPENDENCE,   ) | |
| KANSAS, CLARENCE SNYDER, and   ) | |
| KENNETH PARKER,      ) | |
|                   ) | |
|                   ) | |
|        **Defendants.**   ) | |

## MEMORANDUM AND ORDER

In the Complaint, Plaintiff Keenan L. McCoy alleges racial profiling by City of

Independence, Kansas, Police Officer Clarence Snyder, and former Chief of Police Kenneth

Parker in March and April of 2011.  The Court granted Defendant Parker's Motion for Judgment

on the Pleadings on November 29, 2012, and dismissed him from this action.[1]  Before the Court

is Plaintiff's Motion to Reconsider and Amend Complaint (Doc. 28).  The motion is fully

briefed, and the Court is prepared to rule.  As described more fully below, Plaintiff's motion is

denied.

I.      **Background**

Plaintiff alleges that he was the subject of racial profiling based on two incidents: a

traffic stop that was initiated by an Independence Police Officer, Defendant Clarence Snyder, on

March 23, 2011, and an April 19, 2011 incident at a local Braum's restaurant, where Plaintiff's

---

[1]Doc. 26.

wife was employed. During this second encounter, Plaintiff was waiting for his wife to finish her shift when he was approached by an officer who demanded his ID. A few days later, Parker went to Braum's, asked for Plaintiff's wife by referencing her as "that black lady," advised her that he had asked officers to watch the area, and then warned her that "we do not need a racial profiling case."

In the Court's November 29, 2012 Order dismissing Parker, it considered whether Plaintiff's Complaint alleged facts sufficient to give rise to an equal protection claim under 42 U.S.C. § 1983.[2] Because Parker is the Independence Chief of Police, Plaintiff was required to allege facts that give rise either to direct liability or supervisory liability. The Court found that the facts, as alleged, did not give rise to either form of liability.

First, the Court found that the facts were insufficient to establish that Parker was directly liable because he did not personally participate in the alleged deprivation of Plaintiff's constitutional rights. There are no facts in the Complaint alleging that Parker directed the traffic stop, nor that he was responsible for profiling Plaintiff in the Braum's parking lot. The Court also found that the warning that Parker gave Mrs. McCoy, which Plaintiff characterizes as a threat, did not establish Parker's personal participation because it was not directed toward Mr. McCoy and because it did not show that he personally participated in an incident that occurred several days before.

Second, the Court found that Plaintiff did not allege sufficient facts to establish supervisory liability. Plaintiff did not allege facts showing that Parker established a policy of

---

[2]Plaintiff repeatedly refers to his "constitutional claims" throughout the Complaint, the Proposed Amended Complaint, and his briefs. He does not specify the constitutional amendments on which he bases his § 1983 claims, but does not challenge this Court's treatment of his racial profiling claims as arising under the Equal Protection clause of the Fourteenth Amendment.

racial profiling, and that he had knowledge of his subordinates' discriminatory purpose in stopping Plaintiff's car, nor in asking him for his identification in the Braum's parking lot.

Finally, while the Court acknowledged Plaintiff's argument that allowing leave to amend is the appropriate remedy on a motion for judgment on the pleadings, because there was no proposed amendment before the Court, it was unable to determine whether additional facts would cure the deficiencies in Plaintiff's Complaint.[3]

## II.      Motion to Reconsider

Plaintiff moves for reconsideration of the Court's November 29 Order, under D. Kan. Rule 7.3.  Under that rule, a party must file the motion under either Rule 59(e) or Rule 60.  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[4]  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[5]

Plaintiff's motion argues that reconsideration is warranted to correct clear error or prevent manifest injustice.  He argues that the Court erred by not properly construing the facts in the light most favorable to him, and he argues that the Court should have granted him leave to

---

[3]This Court does not routinely grant leave to amend on a motion to dismiss in the absence of a motion for leave to amend, or at least some representation that there are additional facts that may cure the deficiency. *See* Fed. R. Civ. P. 15(a) (requiring a court's leave to amend); D. Kan. R. 15.1 (requiring that the moving party attach a proposed pleading so that the Court can determine whether leave to amend is appropriate).

[4]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[5]*Servants*, 204 F.3d at 1012.

amend rather than dismissing his claim against Parker.

The Court declines to reconsider its earlier ruling that the facts as alleged in the Original Complaint are insufficient to give rise to liability against Parker. Plaintiff's motion argues only that the alleged threat that Parker made to Mrs. McCoy was sufficient to establish that Parker violated Plaintiff's constitutional rights. But he does not explain how this comment, standing alone, supports an Equal Protection claim under § 1983 premised on racial profiling. Such claims are based on selective law enforcement, and are applied in the contexts of traffic stops and arrests.[6] Plaintiff's racial profiling claims arise out of two police encounters: the traffic stop on March 23, 2011, and the request for identification at the Braum's parking lot on April 19, 2011. There are no factual allegations that suggest Parker personally participated in either event. Plaintiff seems to suggest in his motion to reconsider that Parker's alleged threat to Mrs. McCoy, standing alone, is sufficient to support a claim, but he cites no authority for the proposition that such a statement, made after the fact, could support a racial profiling claim as a matter of law.

Nor are there allegations in the Complaint that would support supervisory liability. When asserting a claim against a supervisor, a plaintiff must demonstrate "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."[7] As described in the Court's November 29 Order, no such facts are alleged. And any subsequent threat to Mrs. McCoy does not establish that Parker was responsible for a policy of racial profiling that caused Plaintiff's

---

[6] *See Marshall v. Columbia Lea Reg. Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003); *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006).

[7] *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

4

harm—even when construed in the light most favorable to Plaintiff.

The Court also denies Plaintiff's second ground for reconsideration because the attached proposed pleading was not before the Court when it previously ruled. The Court will determine under the applicable standards set forth in the next section whether leave to amend should be granted.

## III. Motion for Leave to Amend

Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[8] A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[9] A proposed amendment is futile if the amended complaint would be subject to dismissal.[10] Defendant argues that leave to amend should be denied because the proposed amendment is futile. The Court agrees. The operative additional language proposed by Plaintiff expands on the threat Parker made to Ms. McCoy. It now alleges that Plaintiff and his wife "viewed this statement as a threat directed by Parker to Mr. McCoy." But Plaintiff's understanding that he was being threatened by Parker's statement to Mrs. McCoy is insufficient to cure Plaintiff's pleading deficiencies. Parker's statement was made several days after the April 19 encounter and does not show that Parker had any involvement in a policy that gave rise to selective law enforcement.

In order to show that Parker is liable for either the March 23 or April 19 encounters, he

---

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[10] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

must have personally participated or be subject to supervisory liability. The proposed amended complaint is devoid of factual allegations that would give rise to a plausible claim of either direct or supervisory liability against this Defendant for the same reason the original Complaint failed.

Because neither the Complaint nor the Proposed Amended Complaint contain factual allegations sufficient to give rise to plausible claims of racial profiling against Defendant Parker, the motion to reconsider and amend is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider and Amend Complaint (Doc. 28) is **denied**.

Dated: February 4, 2013

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE